

**ORDERED in the Southern District of Florida on March 15, 2007.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:                                              Case No. 06-15153-RAM
                                                    Chapter 13
Henry Tarrio
SSN: XXX-XX-7147
    Debtor
_____/

### AGREED ORDER TO EMPLOYER TO DEDUCT
### AND REMIT AND FOR RELATED MATTERS

TO:   Live Oak Poultry, Inc. (Employer)
      Attn: Payroll Department
      14127 Country Road 252
      Live Oak, FL 32060

The above-named Debtor has voluntarily filed a petition and plan under Chapter 13 of the United States Bankruptcy Code, seeking to pay, in whole or in part, certain debts under the protection of this court. These debts are to be paid by the Chapter 13 Trustee from the Debtor's future earnings. It is public policy that the employer shall assist in the rehabilitation of the Debtor to avoid a Chapter 7 liquidation pursuant to 11 USC § 1325 (b). Accordingly this Court does

hereby order:

1. The Employer immediately shall begin withholding from wages, salary, commission, or other earnings or income of said Debtor $1,700.00 per month and remit same to the **Chapter 13 Trustee, Nancy Herkert at P.O. Box 2099, Memphis, TN 38101-2099** with the Debtor's name and case number on the check. This order shall be effective immediately upon service on the Employer. This order shall remain in full force and effect until modified, suspended, or terminated by further order of this Court, until the Debtor's case is dismissed, until the Debtor receives a discharge, or until the required payments to the Debtor's Chapter 13 Plan terminate by operation of the law.

2. The Employer is enjoined and restrained from discharging, terminating, suspending, or discriminating against the Debtor on account of the filing of the Chapter 13 Petition or this Chapter 13 wage-deduction order. In event of discharge, termination, suspension, or discriminating against the Debtor for any reason whatsoever in connection with the filing of the Chapter 13 petition or this wage-deduction order, the Employer is ordered further to notify the trustee of the discharge, termination, suspension, or discriminatory action, and the specific reason(s) therefore.

3. If a summons of garnishment concerning the Debtor has been served on the Employer, this chapter 13 case automatically enjoins and stays the continuation of that garnishment proceeding pursuant to 11 USC § 362(a); the Employer is enjoined and stayed and making any further deductions from the Debtor's earnings on account of the garnishment, and is ordered to remit immediately to the Chapter 13 Trustee any sums already deducted and not yet paid over to the garnishment court.

4. This order supersedes any previous order of garnishment or other order issued with respect to the Debtor's wages, except for Income Deduction Orders regarding child support, alimony and related support arrearage. Such support orders shall remain in full force and effect. Failure to comply with the provisions of this order may result in an order to show cause why said Employer should not be found in contempt of this Court.

5. The Debtor shall mail a copy of this order to: (a) the Employer; (b) the Chapter 13 Trustee; (c) any garnishment court with an action against the Debtor; and (d) any garnishing creditor.

Agreed to, by:

_____
Henry Tarrio
1260 Kasim St
Opa Locka, FL 33054

_____
Mitchell J. Nowack, Esq.
Mitchell J. Nowack, P.A.
8180 NW 36th Street
Suite 209
Miami, Florida 33166
(305) 698-2265

### 

Submitted by: _____ Mitchell J. Nowack, Esq.
Mitchell J. Nowack, Esq. is directed to serve copies of this order on the following parties and to file a certificate of service:
Nancy Herkert
Employer